UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE WILLIAMS,

        Plaintiff,              Case No. 2:10-cv-346

v.                               Honorable R. Allan Edgar

HARBERT BARRY, et al.,

        Defendants.
_____/

## OPINION REVOKING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Tyrone Williams, a prisoner incarcerated at the Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis*. Defendants have filed a motion to revoke Plaintiff's pauper status (docket #10). Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous or failing to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The court will vacate the earlier order allowing Plaintiff to proceed *in forma pauperis* and order Plaintiff to pay the civil action filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the court will order that his action be dismissed without prejudice.

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

As noted by Defendants, Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim. *See Williams v. Martin, et al.*, No. 1:03-cv-438 (W.D. Mich. Jan. 20, 2004); *Williams v. Keegstra, et al.*, No. 1:03-cv-574 (W.D. Mich. Oct. 20, 2003); *Williams v. Ingham County Circuit Court, et al.*, No. 5:05-cv-84 (W.D. Mich. Jun. 1, 2005).

In addition, Defendants note that Plaintiff's claim that he was in imminent danger of serious physical injury at the time his complaint was filed lacks merit. In his complaint, Plaintiff claims that his 2900 calorie diet was reduced to 2600 calories, and the sometimes only gets 1700 calories per day. Plaintiff claims that he went from 172 pounds to 155 pounds within two months. Defendants state that according to the MDOC's Offender Tracking Information System, Plaintiff is 5 feet 8 inches and weighs 149 pounds. Plaintiff is 50 years old. (*See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=167128.) Defendants refer to a basal metabolic rate (BMI) calculator, which is available on the Mayo Clinic website, and asks that the court take judicial notice of this information. (*See* http://www.mayoclinic.com/health/bmi-calculator/NU00597.) The court notes that inputting Plaintiff's asserted height of 5 feet 8 inches, and weight of 155 pounds, his BMI is 23.6, which is well within the healthy range of 18.5 to 24.9. Even adjusting the weight to 149 pounds as revealed on the MDOC Offender Tracking Information System results in a BMI of 22.7, which is also within the healthy range. In addition, as noted by Defendants, the Mayo Clinic website also offers a calorie calculator, which indicates that a man Plaintiff's size and age, who is inactive,

requires a calorie intake of 1850. (*See* http://www.mayoclinic.com/health/calorie-calculator /NU00598.) Therefore, Plaintiff's diet of 2600 calories a day is more than adequate. In addition, Plaintiff's assertion that he only receives 1700 calories on some days is not sufficient to show imminent danger.

In response to Defendants' motion, Plaintiff asserts that he is "very active" and, thus, requires more calories. However, such allegations are not sufficient to show that Plaintiff was in imminent danger of serious bodily harm at the time that he filed the instant complaint. Therefore, the court will grant Defendants' motion.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:  6/23/2011            */s/ R. Allan Edgar*
                             R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**